John T. Taylor v. Commissioner.
Taylor v. Commissioner
Docket No. 7611.
United States Tax Court
1946 Tax Ct. Memo LEXIS 219; 5 T.C.M. (CCH) 247; T.C.M. (RIA) 46080; April 11, 1946
*219 Petitioner purchased certain real estate in his own name in 1936. He contends that he is taxable on only one-half the income from the purchased property because his wife is a half owner thereof. Held, that the evidence fails to establish that petitioner is other than sole and exclusive owner of the property and the entire net income therefrom is taxable to him. Murray Allen, Esq., 609 Security Bank Bldg., Raleigh, N. C., for the petitioner. E. M. Woolf, Esq., for the respondent. HILL Memorandum Findings of Fact and Opinion HILL, Judge: Respondent determined deficiencies in petitioner's income tax liability for 1940 and 1941 in the respective amounts of $1,521.62 and $1,935.58. The question is whether the income from certain real estate held in petitioner's name is taxable to him entirely or whether only half such income is taxable to him and the other half to his wife. Petitioner filed his returns for the years in question with the collector of internal revenue for the district of North Carolina at Greensboro. Findings of Fact Petitioner is an individual residing in Raleigh, North Carolina. He is engaged in a mercantile business in that city. *220 Lena Swindell Taylor, petitioner's wife, inherited from her mother in 1921 an estate worth between $30,000 and $35,000. This inheritance consisted of cash, bonds and real estate. The real estate comprised a dwelling house and a store building. The latter was sold and the bonds were cashed. Mrs. Taylor's separate property was predominantly derived from this inheritance. Mrs. Taylor turned over the property or the proceeds thereof (except the dwelling house) so inherited to petitioner. Petitioner commingled the money and property he received from his wife with his own separate property and funds and has never kept any separate accounts thereof. In 1936 petitioner purchased certain real property located at 127 Fayetteville Street, Raleigh, at a price of $60,000. Petitioner took title in his own name and made an initial down payment of $7,500. The unpaid balance of the purchase price, secured by mortgage, is being paid with income from the property. Subsequent to the time of purchase and prior to the taxable years here involved petitioner spent approximately $20,000 for improvements on the property. From 1936 to 1939, inclusive, the entire net income from the property at 127 Fayetteville *221 Street was returned for Federal income tax purposes as petitioner's income. In 1940 and 1941 petitioner and his wife each included one-half the income from the Fayetteville Street property in their separate incomes. Respondent determined that petitioner was taxable on the entire income from the property. Respondent explained this adjustment as follows: "Your contention that one-half of the net income from the property located at 127 Fayetteville Street, Raleigh, North Carolina, belongs to your wife, Lena S. Taylor, has been denied and the entire amount thereof has been included in your taxable net income for the years 1940 and 1941". Respondent also determined that the total net income from the property was greater in amount than reported by petitioner. Petitioner concedes this adjustment increasing the net income from the property. Petitioner also concedes other adjustments made by respondent involving dividends and capital gains. Petitioner contests, however, respondent's inclusion of more than one-half the income from the Fayetteville Street property as petitioner's income. Opinion Petitioner contends that the money paid as a down payment and for improvements on the property *222 belonged equally to himself and his wife. He argues that since his wife's inheritance was commingled with his own funds the money spent on the property in question belonged equally to each of them. Therefore, petitioner takes the position that although he holds title in his own name, there is a resulting trust for the benefit of his wife with respect to one-half of such property. Apparently, in the alternative, petitioner contends that a partnership exists between himself and his wife with respect to the property. Respondent contends that petitioner is the sole and exclusive owner of the property and is therefore taxable on the entire net income therefrom. Respondent argues that title to the property is in petitioner's name and that petitioner has not adequately shown any facts or circumstances to overcome the presumption of his sole ownership. We think respondent's position must be sustained. Petitioner has the burden of overcoming the prima facie presumption of correctness of respondent's determination. This Court has frequently stated that inter-family transactions require clear and convincing evidence to establish their bona fides. James L. Robertson, 20 B.T.A. 112. *223 Petitioner in the instant case has not met these requirements. The only evidence in the record is petitioner's testimony offered at the hearing. From his testimony it appears that petitioner's wife inherited property in value between $30,000 and $35,000 from her mother in 1921. Comprised in this inheritance was a dwelling house which Mrs. Taylor still holds. The remaining property of such inheritance comprised some cash, North Carolina bonds and a store building. The evidence does not disclose how much cash was received nor does it show the amount of the bonds or the proceeds thereof or the moneys received on the sale of the store building. According to petitioner's testimony the cash and the proceeds of the bonds and the proceeds of the sale of the store building were turned over to petitioner and commingled with his own funds. Separate accounts were not kept of petitioner's own funds and those reeceived from his wife. It is not shown what portion of the commingled funds belonged to petitioner and his wife, respectively, at the time of such commingling or at any subsequent date. It is not shown how much, if any, of Mrs. Taylor's portion of the commingled funds was used either in *224 the business of petitioner or in investments made prior to the purchase of the Fayetteville Street property. There is no tracing of Mrs. Taylor's portion of the commingled funds from the time it was turned over to petitioner to the time of the purchase of the Fayetteville Street property. That property was purchased in 1936, fifteen years after petitioner received the funds from his wife. He paid $7,500 at a down payment on the property and spent some $20,000 on improvements thereon. There is no evidence in the record as to what portion, if any, of such down payment or of the expenditures for improvements is traceable to the funds turned over to petitioner by his wife in 1921. The following evidence was given by petitioner in respect of the purchase of the Fayetteville Street property and the improvements thereon: Q. You say you made a cash down payment of $7,500? A. Yes, sir. Q. Whose money was that, Mr. Taylor? A. That was my wife's and mine mixed. On cross-examination petitioner testified as follows: Q. Did you spend any money on improvements? A. Yes, sir. Q. How much did you spend? A. All told, I think we must have spent ten or twenty or twenty-two thousand dollars *225 - $20,000 or $22,000. Q. Was that your money? A. It was our money. It did not have any earmark as to whether it was hers or mine. I spent her money with mine. Q. Have you ever kept an accounting of the money that your wife has turned over to you? A. No, I have not. The above quoted excerpts constitute the only evidence in the record indicating the source of the funds used to purchase and improve the property in question. We are not told the extent of petitioner's funds with which Mrs. Taylor's inheritance was commingled. It is impossible, therefore, to estimate whether the commingled funds were in equal or unequal proportions. We are not given any information regarding the history of these funds after 1921. It is, therefore, impossible to ascertain whether Mrs. Taylor's inheritance increased in value through prudent investment or was completely lost through misfortune or improvedence after 1921. All we are told is that petitioner commingled his wife's property with his own in 1921 and kept no records and fifteen years later he purchased some real estate. From these circumstances alone we are asked to find that one-half the money so spent belonged to petitioner's wife. This *226 we can not do. See Commissioner v. Flushingside Realty Co., 149 Fed. (2d) 572; cert. denied - U.S. - (Oct. 15, 1945); James Nicholson, 32 B.T.A. 977, 986, affirmed without discussion of this point, 90 Fed. (2d) 978. Petitioner has not only failed to establish the source of the funds used in making the down payment and improvements on the property but he has also failed to explain adequately why title was taken in his name alone. When asked on direct examination why title had been taken in his name alone, petitioner answered: I didn't think it made any difference; I thought that she owned half of the property. No practical or business reason is offered to explain why title was taken in petitioner's name. In the absence of such explanation it is difficult to understand why the conveyance was not made to petitioner and his wife if joint ownership was then contemplated. Nor has petitioner adequately explained why the entire net income from the property was included in his income from 1936 to 1939, inclusive. The only explanation of this circumstance is contained in the petition. It is elementary that allegations in the petition are not proof. *227 Even if such explanation were proved it would be inconclusive. It is stated that petitioner's income tax returns were made out by an accountant who made the error. It is alleged that petitioner was too busy to notice the mistake which was not discovered until 1940. However this may be, this does not explain why Mrs. Taylor failed to include one-half the income from the property in her income during this period. There is nothing to indicate that the same accountant made out her returns. In the absence of any more adequate explanation, the failure of Mrs. Taylor to report one-half of the income from the property as her income until 1940 suggests, at least, that she did not consider herself as part owner of the property. From what has already been said we think it is obvious that petitioner has not established the existence of a partnership between himself and his wife. We therefore dismiss petitioner's argument based on this theory as lacking merit. In conclusion, we hold that petitioner has failed to sustain his burden of proving that he is other than the sole and exclusive owner of the property in question. It follows that respondent correctly included the entire net income therefrom *228 in petitioner's income. Decision will be entered for respondent.